■ DAVID R. WALLACE et al., Individually and as Administrators of the Estate of JONATHAN A. WALLACE, Deceased, Respondents, v KATHERINE J. PACELLI et al., Appellants. [638 NYS2d 850] —Yesawich Jr., J.

Plaintiffs are the parents of a three-year-old boy who was fatally injured when he was struck by defendants' automobile as he was chasing a ball into the cul-de-sac by his home. Plaintiffs commenced this action for their son's wrongful death and for the pain and suffering endured by his mother, plaintiff Laurie J. Wallace, who was assertedly in the zone of danger. Defendants unsuccessfully moved to amend their answer to add a counterclaim charging that plaintiffs' negligence in failing to keep the child from playing in the street was the primary cause of the accident. Agreeing that defendants' proposed counterclaim asserted the nonactionable claim of negligent parental supervision of a child, this Court affirmed Supreme Court's order on appeal (221 AD2d 778). Defendants thereafter made a motion to renew their prior motion to amend their answer based upon newly discovered evidence. Supreme Court denied this motion as frivolous and directed that defendants' attorneys be sanctioned, in an amount to be determined following a hearing. Defendants now appeal.

We affirm. The allegedly newly discovered evidence that is the principal basis of defendants' motion is the admission by Wallace during her examination before trial that she allowed her son to play in the street of the cul-de-sac. While this information does not appear to differ substantially from defendants' previously unsuccessful allegations, defendants, citing *Clawson v Central Hudson Gas & Elec. Corp.* (298 NY 291), attempt to circumvent the caselaw disallowing causes of action based upon negligent parental supervision by arguing that Wallace, as an owner of land abutting a highway, created a dangerous condition on the roadway by placing her own child thereon. Since we agree with Supreme Court that defendants' motion is completely without merit and is unsupported by a reasonable argument in favor of extending existing law, we conclude not only that affirmance is required, but that Supreme Court properly directed that sanctions be imposed against defendants' attorneys pursuant to 22 NYCRR 130-1.1.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.